IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                                      Civil No. 3:22cv602 (DJN)

BETH ARTHUR, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Vincent Elliot Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wilson's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Particularized Complaint, (ECF No. 15), and the action will be DISMISSED.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2), 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court accepts a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). The plaintiff cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while a court must liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

In his Particularized Complaint, Wilson names as Defendants: Arlington County Detention Facility Sheriff Beth Arthur; Captain Burgess and Captain Broderick Lindsey. (ECF No. 15, at 1.) Wilson alleges the following:[2]

> 1. Approximately July 26, 2021, I was placed in cell #15, a non-functioning cell.
> 2. The cell had a lack of sprinkler system and prevention devices, but all the other inmates didn't.
> 3. The absence of fire safety which is an obvious risk of serious harm and creates hazardous conditions.
> 4. I was in that environmental hazard cell for approximately four months.
> 5. November 2021, I was then placed in cell #12, which is another non-functional cell, I believe.
> 6. I was in that cell until November 9, 2022.
> 7. I believe there wasn't a sprinkler system in that one too.
> 8. I believe that I requested for the sprinkler in cell #12 to be fixed, but I was ignored on one of the grievance levels.

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Particularized Complaint.

9. I believe in cell #15 my water was polluted and contaminated because it looked gray and subject to exposed wiring.
10. I believe in cell #12 on Unit 11A my water was contaminated and polluted.
11. December 13, 2021, on medical unit, I was placed in a cell without the availability of a working toilet and sink.
12. Every Thursday is supposed to be the [day of] sheriff inspection and everyday cell searches.
13. Approximately July 21, 2021, I was placed in the crisis cell without being and feeling suicidal for about five days, no toilet or sink.
14. I suffered emotional injury by being placed in non-functional cells that create hazards for a long period of time.
15. My cell #15 just popped open when it wasn't supposed to a couple of times on Unit 11A.

[Claim] A. Deliberate Indifference to Safe Jail Conditions

16. Defendant Beth Arthur is the policymaker, sets regulations, and gives orders and every Thursday is supposed to be sheriff inspection and the failure to inspect thoroughly or to take steps to ensure that I am in a functional cell constituted deliberate indifference in violation of the Eighth Amendment.
17. Defendant Captain Burgess sometimes does rounds on the unit and comes on sheriff inspection day and knew that I was in a cell with lack of sprinkler system, absence of fire safety, that creates a dangerous condition, failing to provide safe and adequate shelter constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution.
18. Defendant Broderick Lindsey sometimes does rounds on the unit and comes with sheriff on inspection day because he's captain also and knew that a total of two cells that I was placed in during my stay at jail on the unit, created a safety hazard, environmental hazards, and protracted failure to provide safe jail conditions constituted deliberate indifference in violation of the Eighth Amendment.
19. As a result of Defendants Beth Arthur, Captain Burgess, and Broderick Lindsey failing to inspect thoroughly and provide a safe functional cell, made me suffer further physical and emotional pain and injury.

[Claim] B. Equal Protection and Due Process Denial

20. Defendant Captain Burgess and Broderick Lindsey discriminated me and knew my cell #15, #12 wasn't functional, there wasn't a sprinkler, and it was dangerous to my safety and intentionally left me in the cell without moving me to another cell that works like all the other inmates violated my Equal Protection Clause under the Fourteenth Amendment.
21. Defendant Captain Burgess and Defendant Broderick in not giving me opportunity to take grievance to another level and be heard in writing, denied me due process of law in violation of the Fourteenth Amendment to the United States Constitution.

[Claim] C.     Denial of Freedom of Speech

22.     Defendant Captain Burgess and Defendant Broderick Lindsey grievance restriction special directive probably resulted in me taking grievance to another level failing and them not doing anything about the first one or taking next step grievance abridges my First Amendment right to freedom of speech in violation of the First Amendment to the United States Constitution.

(*Id.* at 1–5.) Wilson asks for injunctive relief in the form of "[c]los[ing] down the Arlington County Detention Center" and monetary damages. (*Id.* at 5–6.)

### III.     ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Wilson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Ultimately, Wilson's Particularized Complaint will be dismissed for failing to state a claim for relief and as legally frivolous.

     A.     **Conditions of Confinement Claim (Claim A)**

In his Claim A, Wilson contends that Defendants violated his Eighth Amendment rights by housing him in a cell with broken sprinklers, a broken toilet and sink, and with water that was gray in color, "polluted and contaminated." (ECF No. 15, at 2.)[3] Because Wilson was likely a pretrial detainee and not a convicted prisoner when he was subject to these conditions, the Fourteenth Amendment, not the Eighth Amendment, governs his claims of unconstitutional conditions of confinement. *Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013). "Due

---

[3]     Wilson states that his water seemed "polluted and contaminated," because it was "subject to exposed wiring." (ECF No. 15, at 2.)

5

process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted).

"The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Martin*, 849 F.2d at 870. Eighth Amendment jurisprudence "teaches that punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (emphasis in original) (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)). Additionally, "a particular condition constitutes punishment only where it *causes* physical or mental injury." *Id.* at 76 (emphasis in original). Thus, when a detainee challenges his conditions of confinement, "[t]o successfully assert a claim of punishment without due process under the Fourteenth Amendment, an inmate must assert not only that the defendants were deliberately indifferent to the substantial risk of harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." *Id.* (emphasis in original).[4]

Wilson contends that Defendants subjected him to unlawful conditions of confinement when they housed him in a cell with inoperative sprinklers, later housed him in a cell with an inoperative toilet and sink, and at some point, housed him in a cell with "contaminated and

---

[4] The United States Court of Appeals for the Fourth Circuit has not addressed whether *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015), and its determination that excessive force claims for pretrial detainees must be analyzed solely under an objective standard extends to conditions of confinement claims for pretrial detainees. Notably, the Fourth Circuit has not extended *Kingsley* beyond excessive force claims. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (addressing *Kingsley* but applying traditional Eighth Amendment analysis with objective and subjective components to medical care claims for pretrial detainees).

polluted" water. (ECF No. 15, at 2.) Notably, Wilson indicates that he "believe[s]" that the sprinklers were inoperative, and the water "was polluted and contaminated because it looked gray." (*Id.*) Thus, it is unclear from Wilson's own allegations whether the sprinklers were truly inoperative and even less clear how Wilson knew of that fact. The Court also has significant doubts that the water in Wilson's cell was "contaminated" simply because Wilson observed that it was gray in color. Nevertheless, assuming for the purposes of this opinion that Wilson was housed in a cell without a functioning sprinkler, a cell with gray water and a cell without an operable toilet and sink, Wilson fails to demonstrate either the objective or subjective prongs of the inquiry.

First, Wilson fails to allege facts sufficient to satisfy the objective component for a Fourteenth Amendment conditions of confinement claim. Being housed in a cell without a sprinkler, a cell without a toilet or sink, and a cell with gray water is not so extreme as to amount to unconstitutional punishment. "Correctional officers are not required to provide comfortable jails, even for pretrial detainees." *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998). Simply put, the conditions that Wilson complains of did not cause him physical or mental injury and did not constitute unconstitutional punishment. *Westmoreland*, 883 F. Supp. at 76.

A lack of a working sprinkler and gray water in his cell do not amount to constitutionally significant risks to Wilson's health or safety. *Cf. Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (holding that deficiencies in fire safety failed to constitute cruel and unusual punishment); *Sowell v. Fair*, 1990 WL 152343, at *5 (1st Cir. Sept. 18, 1990) (holding that plaintiff failed to state Eighth Amendment claim based on inoperative smoke detectors or contaminated water where "complaint lacked detailed factual allegations identifying what chemicals plaintiff was exposed to, what harm resulted, and what effort plaintiff made to bring these conditions to the

attention of the authorities"). Moreover, the Constitution also does not guarantee unlimited access to a toilet or sink. *Jamison v. Kincaid*, 2021 WL 4199997, at *23 (E.D. Va. Sept. 15, 2021) (explaining that conditions on the "old side" of the Arlington County Detention Center where individual cells had no toilet facilities did not violate the Eighth or Fourteenth Amendment).

Furthermore, Wilson vaguely suggests that Defendants caused him to suffer "further physical and emotional pain and injury," (ECF No. 15, at 4), which amounts to nothing more than a recitation of the legal standard. Because Wilson fails to allege facts that would plausibly suggest that he suffered any injury, much less a serious or significant physical or emotional injury, resulting from these conditions, *Westmoreland*, 883 F. Supp. at 76, his conditions of confinement claim fails at the outset.

Second, although Wilson contends that Defendants should have been aware of the alleged conditions in his cell, he fails to allege facts that would suggest that Defendants actually knew of and disregarded a substantial risk to Wilson's health or safety. *Id.*; *Farmer*, 511 U.S. at 837. It is not entirely clear from Wilson's Particularized Complaint what each Defendant knew about Wilson's conditions of confinement. Wilson contends that Defendant Arthur, as Sheriff, should have known about the conditions of his cell through periodic inspections. Wilson contends that Defendants Lindsey and Burgess actually knew about the lack of functioning sprinkler in his cell. However, Wilson does not allege that he made any of the three Defendants aware of the fact that he believed the water in his cell was contaminated or that his toilet or sink were inoperative.

Even assuming Defendants were aware of the conditions in his cell, as discussed previously, Wilson fails to allege facts that would plausibly suggest that Defendants knew of and

fails to allege facts that would plausibly suggest that he was subjected to unlawful conditions of confinement under the Fourteenth Amendment. Accordingly, Claim A will be DISMISSED.

### B. Equal Protection (Claim B)

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Wilson must allege facts indicating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). In the first portion of Claim B, Wilson argues that "Defendant Captain Burgess and Broderick Lindsey discriminated me and knew my cell #15, #12 wasn't functional, there wasn't a sprinkler, and it was dangerous to my safety and intentionally left me in the cell without moving me to another cell that works like all the other inmates violated my Equal Protection Clause under the Fourteenth Amendment." (ECF No. 15, at 4.) Wilson fails to identify any inmates who were similarly situated to him who received better treatment or assert that he was housed in a cell without a sprinkler because of purposeful or intentional discrimination. Thus, Wilson fails to state an equal protection claim and this portion of Claim B will be DISMISSED for failure to state a claim.

### C. Fourteenth Amendment Due Process (Claim B)

In the second portion of Claim B, Wilson argues that Defendant Captain Burgess and Defendant Broderick denied him due process of law in violation of the Fourteenth Amendment to the United States Constitution by "not giving [him the] opportunity to take [his] grievance to another level and be heard in writing." (ECF No. 15, at 4.) First, Wilson fails to explain how

9

another level and be heard in writing." (ECF No. 15, at 4.)  First, Wilson fails to explain how and why he believes Defendants Burgess or Broderick violated his right to due process. Nevertheless, even if Wilson had provided greater detail to support his claim, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure.  An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). *Doans v. Rice*, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Therefore, the due process aspect of Claim B will be DISMISSED as legally frivolous and for failure to state a claim.

### D.    First Amendment (Claim C)

In Claim C, Wilson contends that Defendant Captain Burgess and Defendant Broderick Lindsey somehow abridged his First Amendment right to freedom of speech in violation of the First Amendment to the United States Constitution.  A "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Although Wilson has a protected First Amendment right to complain about the conditions of his confinement, Wilson fails to allege facts that would plausibly suggest that each of the named Defendants violated his right to free speech through his vague allegations.  Accordingly, Claim C will be DISMISSED for failure to state a claim.

## IV. CONCLUSION

Wilson's claims will be DISMISSED for failure to state a claim or as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 13, 2023