IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                              Civil Action No. 3:22cv602 (DJN)

BETH ARTHUR, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on March 14, 2023, the Court reviewed Plaintiff's Particularized Complaint under the Court's screening obligations pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, found that it failed to state a claim and was legally frivolous, and dismissed the action. (ECF Nos. 17, 18.) On September 22, 2023, the Court denied Plaintiff's first motion for reconsideration. (ECF No. 32.)

On September 12, 2025, the Court received another Motion for Reconsideration from Plaintiff. (ECF No. 36.) Because the motion was filed more than twenty-eight days after the entry of the March 14, 2023 Memorandum Opinion and Order, the motion is governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.

1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Rule 60(b) Motion, Plaintiff fails to identify under what subsection of Rule 60(b) he contends that he is entitled to relief. Further, Plaintiff fails to demonstrate any exceptional circumstances that warrant relief under Rule 60(b). *Dowell*, 993 F.2d at 48. Accordingly, the Rule 60(b) Motion (ECF No. 36) will be DENIED.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date:   January 8, 2026